NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3288


ROBERT M. MCCOY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Robert M. McCoy, of Rices Landing, Pennsylvania, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3288

ROBERT M. MCCOY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0353070455-I-3.

_____

DECIDED: January 6, 2010

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Robert M. McCoy appeals from a final decision of the Merit Systems Protection Board (Board) dismissing his petition as untimely filed. See McCoy v. U.S. Postal Serv., No. PH0353070455-I-3 (M.S.P.B. Nov. 24, 2008) (initial decision); McCoy v. U.S. Postal Serv., No. PH0353070455-I-3 (M.S.P.B. Sept. 3, 2009) (final order dismissing petition for review). For the reasons discussed below, we affirm.

BACKGROUND

Mr. McCoy filed an appeal with the Board, alleging that the United States Postal Service violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) by failing to reemploy him after his military service. At a prehearing conference, the parties'

representatives informed the Board that they reached a settlement. The parties filed a settlement agreement resolving the appeal on November 19, 2008. This settlement agreement specifically provided that Mr. McCoy had reviewed and understood the agreement, that he had discussed the agreement with his attorney, and that he voluntarily accepted the agreement as resolving his claims.

The administrative judge (AJ) issued an initial decision on November 24, 2008, dismissing the appeal as withdrawn in view of the settlement agreement. The AJ's decision informed Mr. McCoy that the initial decision would become final unless he filed a petition for review on or before December 29, 2008.

Six months later, on June 30, 2009, Mr. McCoy filed a petition for review of the AJ's initial decision dismissing his case. Mr. McCoy alleged that his attorney settled the case without Mr. McCoy's consent. Mr. McCoy further alleged that he had not received the AJ's initial decision and notification of the time limit for filing a petition for review until January 2009 because he had been incarcerated from October 31, 2008 to January 1, 2009.

The Clerk of the Board informed Mr. McCoy that his petition was untimely filed and directed Mr. McCoy to submit a motion asking the Board to waive the time limit for good cause. Mr. McCoy submitted the requested motion. In his motion, Mr. McCoy explained that he had not received the AJ's initial decision and notification of the December 29, 2008 time limit for filing a petition for review until January 2009 due to his incarceration. He also stated that he had "a little brain damage" from an earlier accident and that he had been trying unsuccessfully to obtain new legal representation since the dismissal of his case.

The Board construed Mr. McCoy's petition for review as also encompassing a motion to reopen the case. The Board explained that the time limit for filing a petition for review of an initial decision can be waived only if the petitioner makes a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). The Board determined that Mr. McCoy's asserted justifications for the delay—specifically, his incarceration, inability to obtain counsel, alleged brain damage, and alleged evidence of attorney misconduct— were not sufficient to establish good cause for his six-month delay in filing. Therefore, the Board dismissed Mr. McCoy's petition for review as untimely filed without a showing of good cause and denied his petition to reopen.

## DISCUSSION

Mr. McCoy appeals from the Board's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We have explained that "whether a regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion" and that we will not substitute our own judgment for that of the Board. See Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992).

The Board observed, correctly, that a petitioner's delay in filing is excusable where the petitioner has exercised diligence or ordinary prudence under the circumstances. Mendoza, 966 F.2d at 653. The petitioner bears the burden of demonstrating excusable delay. Id. Therefore, Mr. McCoy was required to prove

before the Board facts showing that he exercised diligence or ordinary prudence in filing his appeal six months after the December 29, 2008 time limit.

Substantial evidence supports the Board's conclusion that Mr. McCoy did not meet this burden. The Board observed that Mr. McCoy had been released from prison nearly six months before he filed his petition. Therefore, the Board determined that Mr. McCoy's incarceration was irrelevant to the issue of whether he had shown good cause for this six-month delay in filing. The Board also determined that Mr. McCoy's lack of representation did not establish good cause for the delay because Mr. McCoy had previously been advised that counsel was not required in proceedings before the Board and that he would need to proceed pro se, if necessary. Further, the Board determined that Mr. McCoy's alleged brain damage did not establish good cause, because Mr. McCoy had not explained what exactly this brain damage was or how it contributed to the delay in filing his petition. Finally, the Board stated that even if Mr. McCoy had discovered evidence of attorney misconduct that could potentially invalidate the settlement agreement, this evidence (of which he was aware no later than January 2009) could not provide good cause for his subsequent six-month delay in filing. In view of the above considerations, substantial evidence supports the Board's conclusion that Mr. McCoy failed to establish good cause for his six-month delay in filing a petition for review of the AJ's initial decision dismissing his case.

For the foregoing reasons, we affirm the final decision of the Board dismissing Mr. McCoy's petition as untimely filed without good cause and denying his motion to reopen.

# COSTS

No costs.