## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID L. TAYLOR, SR.,
                    Appellant,

                v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DA-0752-14-0106-I-1

DATE: August 6, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David L. Taylor, Sr., Slidell, Louisiana, pro se.

Traci G. Gann, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown for the delay.  For the reasons set forth below, the appellant's petition for review is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2     Effective May 20, 1997, the agency removed the appellant from his position of city letter carrier for the Postal Service in Shreveport, Louisiana, for unsatisfactory attendance/absence without leave (AWOL). Initial Appeal File (IAF), Tab 2 at 103. On December 23, 2013, the administrative judge issued an initial decision, based on the parties' written submissions, dismissing the appeal as untimely. IAF, Tab 6, Initial Decision (ID) at 1. The appellant received the initial decision on the day that it was issued. Petition for Review (PFR) File, Tab 1 at 3. The initial decision included notice to the appellant of his right to petition for review but also informed him that the record would close and the initial decision would become final if he failed to file his petition for review by January 27, 2014. ID at 4-7. However, the appellant again failed to file on time, as he did not submit the instant petition for review until January 31, 2014, or 4 days past the filing deadline. PFR File, Tab 1.

¶3     In filing his online petition for review, the appellant was notified of his burden to establish good cause for the untimely filing. PFR File, Tab 1 at 3. The appellant attributed his untimeliness not to "the time line [being] overlooked" but to his inability to obtain representation and "the sudden natural disaster recently to our area, and having to resort to emergency shelter."[2] *Id.* at 5. The agency has

---

[2] It is unclear whether the appellant's petition explains the delay for his untimely initial appeal or petition for review. PFR File, Tab 1 at 5. We will construe his arguments as explanation for his untimely petition for review. *See generally Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 19 (2008) (pro se pleadings are to be construed liberally). Otherwise, if the arguments related to the untimely initial appeal, the Board would not consider them because the appellant did not raise them below or provide reason for his failure to do so. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (The Board normally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.).

requested that the petition be dismissed because the appellant was 16 years late in filing his initial appeal and 4 days late in filing his petition for review. PFR File, Tab 3 at 5-7. The agency further noted that the appellant has "a history of untimely filings," as his equal employment opportunity (EEO) complaint was dismissed as untimely because he waited 14 months to contact an EEO counselor and an appeal to the Court of Appeals for the Fifth Circuit was dismissed for want of prosecution, also due to the untimeliness of his filings. *Id.*

### DISCUSSION OF ARGUMENTS ON REVIEW

¶4　　To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or within 30 days after receipt, if the decision was received more than 5 days after the date of issuance. 5 C.F.R. § 1201.114(e). Here, the appellant indicates that he received the initial decision on the same day of its issuance. PFR File, Tab 1 at 3; ID at 1. Accordingly, the appellant had until January 27, 2014, the 35th day following the issuance of the December 23, 2013 initial decision, to file a petition for review. ID at 4. Because the appellant did not file until January 31, 2014, PFR File, Tab 1, we find that his petition for review was untimely by 4 days.

¶5　　The Board will waive its filing deadline only upon a showing of good cause, regardless of how minimal the delay. 5 C.F.R. §§ 1201.22(c), 1201.114(f); *Lands v. Department of the Air Force*, 95 M.S.P.R. 593, ¶¶ 5-7 (2004) (filing even 1-day late requires a showing of good cause); *Davis v. Department of the Navy*, 52 M.S.P.R. 450, 453 (1992) (same). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of

circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6    A lack of representation or an appellant's inability to obtain representation fails to establish good cause to excuse an untimely petition for review. *McCoy v. U.S. Postal Service*, 112 M.S.P.R. 256, ¶ 8 (2009), *aff'd*, 360 F. App'x 132 (Fed. Cir. 2010). Thus, the appellant's argument that he was unable to obtain counsel does not constitute good cause for his 4-day delay in filing his petition.

¶7    Furthermore, in the absence of specific evidence relating the occurrence of the natural disaster to the delay, a general claim that a natural disaster was responsible for an untimely filing does not constitute good cause for a delayed filing. *See Duran-Arcelay v. Office of Personnel Management*, 70 M.S.P.R. 13, 16 (1996) (generally asserting that a hurricane was the cause for the appellant's untimely filing of his petition for review was insufficient to show good cause where he failed to state with any specificity how it caused the delay); *Corpus v. Office of Personnel Management*, 65 M.S.P.R. 315, 316-17 (1994) (asserting recurrence of a weekly typhoon and loss of electricity was insufficient to show good cause for an untimely petition for review where the appellant failed to specify when the typhoon occurred or how these conditions affected her ability to timely file her petition). As a result, the appellant's bare reference to "a sudden natural disaster," PFR File, Tab 1 at 5, is insufficient to establish good cause for his untimely filing.

¶8    Finally, especially given the appellant's familiarity with filing deadlines and his history of untimely filings, we find that he failed to act with the care and diligence of a reasonably prudent person in his position. *See Bonefas v. Department of Transportation*, 12 M.S.P.R. 65, 67 (1982) (even a lack of experience with the process is not a valid excuse for an untimely appeal, where

the appellant has been properly notified of his appeal rights and filing deadlines). Consequently, we find that the appellant's delay in filing his petition was the result of his own inaction or negligence.

¶9   Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's removal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:　　　　　　_____
　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.