# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT L. HOLLAND,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-14-0562-I-1<br><br><br>DATE: October 29, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Allison B. Eddy, Esquire, Virginia Beach, Virginia, for the appellant.

Omari O. Jackson, Esquire, Portsmouth, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        In April 2014, the appellant, a WG-08 Shipfitter Helper at the agency's Norfolk Naval Shipyard, filed this appeal of the agency's September 2013 action, which placed him on an indefinite suspension for failure to meet a condition of his employment, i.e., his ineligibility to occupy a sensitive position.  Initial Appeal File (IAF), Tab 1, Tab 10 at 18, 20-24.  The agency moved to dismiss the appeal as untimely because it was filed more than 6 months after the effective date of the appellant's suspension.  IAF, Tab 4.  In her initial decision, the administrative judge found that the appeal was untimely filed without good cause shown for the delay.  IAF, Tab 12, Initial Decision (ID).

¶3        In his timely-filed petition for review, the appellant reiterates his argument that the agency misrepresented the basis for his indefinite suspension, which improperly influenced him not to file a Board appeal of the agency's action because he thought it would be futile.  Petition for Review (PFR) File, Tab 1.  Specifically, the appellant argues that, contrary to the agency's assertions in the notice proposing his indefinite suspension, he had never been determined ineligible to occupy a sensitive position.  *Id.* at 9.  The appellant therefore asserts that this false information provided by the agency created a "domino effect"

leading him to believe that he could not appeal the suspension because he already had been found ineligible to occupy a sensitive position. *Id.* at 10. He also notes that he was initially acting without an attorney. *Id.* at 7. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

¶4     The appellant's suspension became effective on September 27, 2013. IAF, Tab 10 at 18. With exceptions not applicable here, an appeal must be filed no later than 30 days after the effective date of the action being appealed. *See* 5 C.F.R. § 1201.22(b)(1). Thus, when the appellant filed his appeal on April 3, 2014, IAF, Tab 1, it was more than 5 months late. To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Id.*

¶5     The administrative judge found that neither the appellant's possible belief that he would not prevail nor his pro se status during the appeal period constituted good cause for the filing delay. ID at 3-4. We agree. Lack of representation does not constitute good cause that would excuse an untimely filing. *See McCoy v. U.S. Postal Service*, 112 M.S.P.R. 256, ¶ 8 (2009), *aff'd*, 360 F. App'x 132 (Fed. Cir. 2010). Additionally, if the appellant thought that the agency's basis for suspension was not correct, then he could have filed a timely appeal. However, the fact that the appellant did not realize that he had grounds for an appeal does not constitute good cause for his untimely filing. *See Burkhalter v. Department of the Air Force*, 50 M.S.P.R. 190, 192 (1991), *aff'd*, 956 F. 2d 1173 (Fed. Cir. 1992) (Table); *see also Olson v. Department of*

*Agriculture*, 91 M.S.P.R. 525, ¶ 6 (2002) (finding that initial discouragement about the likely outcome, discovery of new legal precedent after the expiration of the filing deadline, and the fact that others may have successfully advanced an argument that the appellant chose not to pursue do not, by themselves, constitute good cause for untimely filing of a petition for review). Accordingly, the administrative judge properly dismissed the appeal as untimely filed without good cause shown for the delay.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.