**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LARRY E. WALKER, | DOCKET NUMBER |
| Appellant, | DA-0752-20-0334-I-2 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 5, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Kleinman</u>, Esquire, Houston, Texas, for the appellant.

<u>Olga Sinquefield</u>, Esquire, Fort Bliss, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which reversed the agency's chapter 75 removal action and denied the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

affirmative defenses.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    Effective April 6, 2020, the agency removed the appellant from his position as a GS-0679-05 Medical Support Assistant based on the charge of inability to work a regular schedule.  *Walker v. Department of the Army*, MSPB Docket No. DA-0752-20-0334-I-1, Initial Appeal File (IAF), Tab 1 at 7.  The appellant timely appealed his removal to the Board.  *Id.* at 4.  While his case was pending, the appellant requested a stay of case processing, claiming that he did not have the capacity to participate in his appeal due to pressing family matters and his own medical issues.  IAF, Tab 37, Initial Decision (ID) at 2.  The administrative judge ultimately dismissed the appeal without prejudice and instructed the appellant to refile no later than April 21, 2021.  ID at 4.

¶3    The appellant timely refiled his appeal, and following a hearing, the administrative judge issued an initial decision dated September 30, 2021, reversing the agency's removal action because the agency conceded it could not meet all the elements required of its charge.  *Walker v. Department of the Army*, MSPB Docket No. DA-0752-20-0334-I-2, Refiled Appeal File, Tab 20, Refiled Initial Decision (RID) at 11.  The administrative judge also concluded that the appellant failed to prove his affirmative defenses of disability discrimination based on disparate treatment and failure to provide a reasonable accommodation.  RID at 14-19.  The administrative judge notified the appellant that the initial decision would become final on November 4, 2021, unless a petition for review was filed by that date.  RID at 22.

¶4    The appellant filed a petition for review on December 17, 2021.  Petition for Review (PFR) File, Tab 1.  The agency did not file a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5      The Board's regulations require that a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on September 30, 2021, and the appellant acknowledges that he received it that same day. RID at 1; PFR File, Tab 1 at 3. Thus, the appellant's petition for review is untimely by over 1 month.

¶6      The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7      When the appellant filed his petition for review via e-Appeal online, he was notified of his burden to establish good cause for the untimely filing. PFR File, Tab 1 at 3. In response, he argues that the Board should find good cause for his untimely filing because his former counsel abandoned him and because he was "powerless" without any communication or contact with his counsel. *Id.* at 4. In addition, he alleges that his former counsel, the agency counsel, and the administrative judge were biased against him, and he takes issue with conduct by

all three throughout his appeal. *Id.* He also submits copies of emails with his former counsel. *Id.* at 6-19.

¶8        We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. The appellant's more than 1-month delay in filing his petition is significant. *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a delay of more than 1 month to be significant, despite an appellant's pro se status). In addition, the appellant's argument that he was left "powerless" by his former counsel's failure to communicate with him is unpersuasive. The Board has long held that an appellant is responsible for the actions or inaction of his chosen representative, and inadequate representation does not constitute good cause for a waiver of the Board's filing time limits. *Young v. Department of Labor*, 69 M.S.P.R. 695, 697 (1996); *see also Reynolds v. Department of the Army*, 23 M.S.P.R. 269, 270 (1984) (finding that any communication failure between the appellant and his attorney would not constitute a valid reason for untimely filing) (citing *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981)), *aff'd*, 765 F.2d 162 (Fed. Cir. 1985) (Table). The appellant ultimately remained personally responsible for the prosecution of his appeal. *See Barbour v. Defense Logistics Agency*, 29 M.S.P.R. 570, 571 (1986). Although he complains that he essentially "had no representative," and notes that he had begun to seek new counsel after the initial decision was issued, the Board has held that an appellant's lack of representation or an inability to obtain representation also fails to establish good cause for an untimely filing. PFR File, Tab 1 at 4; *see McCoy v. U.S. Postal Service*, 112 M.S.P.R. 256, ¶ 8 (2009), *aff'd*, 360 F. App'x 132 (Fed. Cir. 2010). Moreover, the appellant ultimately filed the petition for review himself, and he does not explain why he could not have done so by the deadline stated in the initial decision. The appellant has not shown that he exercised due diligence or ordinary prudence under the particular circumstances of the case.

¶9  The appellant also argues that his former counsel, the agency counsel, and the administrative judge treated him with bias, tried to coerce him into a settlement, and otherwise violated his civil rights.  PFR File, Tab 1 at 4.  Yet the appellant fails to explain how any of this alleged conduct that took place during his initial appeal, before the administrative judge issued the initial decision, prevented him from later timely filing his petition for review.  The appellant also submits copies of emails with his petition, in support of his argument that good cause exists for his untimely filing.  *Id.* at 6-19.  However, the emails that the appellant submits simply show discussions with his former counsel about case strategy and logistics prior to the hearing or are messages from the appellant to himself or his spouse with no text.  Although in one email the appellant informs his former counsel that he is dissatisfied with the handling of his case, it was sent more than 2 months before the hearing and, in fact, almost all the emails the appellant submitted are dated prior to the initial decision's issuance.  *Id.* at 10.  Thus, this evidence also fails to show why the appellant was unable to timely file a petition for review.

¶10  Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the agency's removal action.

**ORDER**

¶11  We ORDER the agency to cancel the agency's removal action and to restore the appellant effective April 6, 2020.  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶12  We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this

decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.