## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT L. KENNEDY,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-3330-16-0380-I-1

DATE: April 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert L. Kennedy</u>, Honolulu, Hawaii, pro se.

<u>Reza Behinia</u>, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Veterans' Employment Opportunity Act (VEOA) appeal for failure to prosecute, with prejudice and without holding a hearing. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Consistent with the notice provided therein, the initial decision became final on October 27, 2016, after neither party filed a petition for review by that date. Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 3. On March 5, 2018, the appellant filed an unsworn pleading, which he styled as a request for "Reopening An Appeal Dismissed Without Prejudice." Petition for Review (PFR) File, Tab 1 at 3. On review, he contends that he "was never served any notice to attend anything else in the case," or "anything [else] from [the Board]," apparently because he was incarcerated in July 2016, and that he is "just now looking into the case." *Id.* He also alleges that "the VA [told him] not to worry about anything else" because "they have favored [him]." *Id.*

In an acknowledgment letter, the Clerk of the Board explained to the appellant that his petition appeared to be untimely and that his appeal may be dismissed on that basis if he did not submit a motion for waiver of the time limit and a sworn statement or affidavit explaining why there is good cause for the delay. PFR File, Tab 2 at 2-3. The Clerk also enclosed a copy of the Board's form "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit." *Id.* at 8-9. Neither party has responded to the Clerk's acknowledgment letter.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *See Valdez v. Office of Personnel Management*, 103 M.S.P.R. 88, ¶ 4 (2006). Thus, we consider the appellant's arguments on review insofar as they relate to the timeliness of his petition for review.

A petition for review must be filed within 35 days after the date of issuance of the initial decision or within 30 days after the date that the appellant received the initial decision if he shows that he received the initial decision more than

5 days after it was issued. 5 C.F.R. § 1201.114(e). The appellant has not shown that he complied with those time limits. Although he claims he was "never served with anything," PFR File, Tab 1 at 3, Board documents served electronically on registered e-filers are deemed received on the date of electronic submission, regardless of whether they were in fact received, *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006); 5 C.F.R. § 1201.14(m)(2). Thus, as a registered e-filer, the appellant is deemed to have received the initial decision on September 22, 2016, the date the Board's Western Regional Office served him at his email address of record. ID at 1; IAF, Tab 1 at 2, Tab 14. Accordingly, his March 5, 2018 petition for review is untimely by approximately 16 months.

The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay; the reasonableness of his excuse and his showing of due diligence; whether he is proceeding pro se; and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

We find that the appellant has not shown good cause for the delay. Although he is pro se, the 16-month delay is significant. *See Beverly v. Department of Justice*, 110 M.S.P.R. 27, ¶ 6 (2008) (finding the pro se appellant's over 2-month delay significant). He also has not explained how his incarceration prevented him from receiving the initial decision or otherwise prosecuting his

appeal. *See McCoy v. U.S. Postal Service*, 112 M.S.P.R. 256, ¶ 7 (2009) (finding no good cause for the appellant's filing delay when he failed to explain how his incarceration prevented him from filing a petition for review or explained the further delay in filing after he was released), *aff'd*, 360 F. App'x 132 (Fed. Cir. 2010); *Johnson v. Department of the Navy*, 73 M.S.P.R. 431, 433 (1997) (finding that being incarcerated did not relieve the appellant of his responsibility to ensure that the Board knew where it could reach him). Further, while an appellant's reliance on agency misinformation as to the filing deadline may be a basis for excusing a filing delay, *Floyd v. U.S. Postal Service*, 44 M.S.P.R. 37, 40-41 (1990), the appellant's assertion that "the VA [told him] not to worry about anything else," PFR File, Tab 1 at 3, is insufficient to show that the agency misinformed him as to any matter. In any event, the initial decision correctly apprised him of the filing deadline. ID at 3; *see Beverly*, 110 M.S.P.R. 27, ¶ 6. The appellant continued to exhibit a lack of due diligence by failing to submit the required motion and accompanying affidavit or sworn statement. *See Morton v. Department of Veterans Affairs*, 113 M.S.P.R. 365, ¶ 9 (2010); 5 C.F.R. § 1201.114(g) (providing that late filings must be accompanied by an affidavit or sworn statement explaining the delay). We, therefore, dismiss the appellant's petition for review as untimely filed without good cause shown for the delay.

To the extent that the appellant intended his petition for review to be a request to reopen his VEOA appeal, we deny that request. The Board usually will not reopen an appeal to cure the untimeliness of a petition for review. *Deville v. Government Printing Office*, 93 M.S.P.R. 187, ¶ 15 (2002). Also, a request to reopen generally must be filed within a reasonable period of time, measured in weeks, not years. *Cameron v. Department of the Navy*, 112 M.S.P.R. 350, ¶ 9 (2009); *see* 5 C.F.R. § 1201.118. The appellant's 16-month delay in making his request was unreasonably long. *See Cameron*, 112 M.S.P.R. 350, ¶ 9 (denying the appellant's request to reopen an appeal approximately 15 months after the initial decision became final). Absent any other basis for reopening, we decline

to exercise our discretionary authority under 5 C.F.R. § 1201.118, and we deny his request to reopen this appeal. *Id.*

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.