## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA DAVIS-JONES,
          Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
SF-0714-21-0261-I-1

DATE: May 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence G. Widem</u>, Esquire, West Hartford, Connecticut, for the appellant.

<u>Mickel-Ange Eveillard</u>, Esquire, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that the agency proved its charge of deficient performance but remanded the matter to the agency for a proper penalty determination pursuant to 38 U.S.C. § 714. For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

In March 2021, the appellant filed a Board appeal challenging the agency's decision to demote her from GS-0675-09 Supervisory Medical Records Technician to GS-0675-08 Medical Records Coder for failure to meet the performance expectations of a critical element of her position. Initial Appeal File (IAF), Tab 1 at 1, 4, Tab 4 at 35-42. On September 1, 2021, the administrative judge issued an initial decision sustaining the agency's determination that the appellant had failed to meet performance expectations and finding that the appellant failed to prove her affirmative defenses of disability discrimination, retaliation for prior Equal Employment Opportunity (EEO) activity, and whistleblower retaliation. IAF, Tab 31, Initial Decision (ID) at 12-37. However, because the administrative judge found that neither the agency's proposal nor its decision letter included any discussion of the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), he remanded the matter to the agency for a new penalty determination. ID at 38-40. The administrative judge ordered the agency to provide the appellant with an opportunity to comment on the propriety of any new penalty, to make a new penalty decision, and to issue a new decision, with appeal rights pursuant to 38 U.S.C § 714 if applicable, no later than 15 business days after the date the initial decision became final. ID at 40. The administrative judge informed the parties that the initial decision would become final on October 6, 2021, unless a petition for review was filed by that date. ID at 41.

The appellant filed a petition for review on October 21, 2022. Petition for Review (PFR) File, Tab 1. At the same time, she also filed a motion to waive the time limit to permit her late-filed petition for review, arguing that good cause existed for the delay. PFR File, Tab 3. The agency filed a response, urging the

Board to dismiss the appellant's petition for review as untimely. PFR File, Tab 6. The appellant filed a reply. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the initial decision is issued, or, if the appellant shows that she received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). Here, it appears to be undisputed that the petition for review was untimely filed. PFR File, Tab 1 at 3, Tab 3 at 4. The appellant is a registered e-filer, and the initial decision was served on her electronically on September 1, 2021—the date it was issued. IAF, Tab 1 at 2, Tab 32; ID at 1; *see* 5 C.F.R. § 1201.4(i)-(n). Therefore, her petition for review was due no later than October 6, 2021. *See* 5 C.F.R. § 1201.114(e) (35-day deadline for filing a petition for review). As a result, the appellant's petition for review filed on October 21, 2022, is untimely by over a year.

The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the filing delay. *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of her case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her

petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In the appellant's motion to waive the time limit for filing her petition for review, she states that her petition for review is untimely because the agency improperly failed to notify her of her appeal rights when it issued her a new penalty determination on or about October 18, 2021.  PFR File, Tab 3 at 11, 13, 20-21.  She also claims that the initial decision did not give her any guidance "describing how the remand and the issuance of a new agency decision would affect or not affect the deadline" for filing a petition for review, and she emphasizes that she was pro se during this time.  *Id.* at 13.  In addition, the appellant asserts that the administrative judge was improperly appointed and that dismissing her appeal as untimely will violate the Appointments Clause.  *Id.* at 14-16.  She also argues at length why she believes that the administrative judge erred in his analysis and conclusions in the initial decision.  *Id.* at 5-11.

In its response, the agency stresses that the initial decision in no way stayed the deadline to timely file a petition for review under 5 C.F.R. § 1201.114(e).  PFR File, Tab 6 at 7.  It also submits as new evidence an October 27, 2021 penalty decision, which includes a notice of appeal rights that informs the appellant that she has 10 business days after the date of the action to file a Board appeal, and an email dated October 26, 2021, in which the appellant states "Thank You for this document.  I have already informed you regarding my intention(s) this MSPB issue [sic]."  *Id.* at 8-15.

In this case, we find that the appellant's more than 1-year delay in filing her petition for review is not a minimal delay.  *See, e.g.*, *Winfrey v. National Archives and Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (finding that a 48-day delay in filing a petition for review was not minimal and did not provide a basis for waiving the filing deadline, despite the appellant's pro se status).  Although the appellant claims that she was confused as to how the issuance of a new agency penalty decision would affect or not affect the deadline for filing a

petition for review, the appellant must show that her confusion is related to a specific ambiguity in either the instructions she received or in a Board procedure in order to establish good cause. *See Forst v. Office of Personnel Management*, 97 M.S.P.R. 142, ¶ 7 (2004). The appellant has not done so here, and we find that the administrative judge's instructions on this point were clear. He explicitly advised the appellant that the initial decision would become final on October 6, 2021, unless she filed a petition for review by that date. ID at 41. Although the administrative judge ultimately concluded that a remand was necessary for a proper penalty determination under *Douglas*, he specifically ordered the agency to issue its new penalty decision "no later than 15 business days *from the date this initial decision becomes final*." ID at 40 (emphasis added). It was thus evident from the administrative judge's instructions that the eventual issuance of a new agency decision was intended to come after the appellant had an opportunity to challenge the administrative judge's findings in the initial decision and that the issuance of a new agency decision did not affect the deadline for filing a petition for review.

We find the appellant's argument that her petition for review was untimely because the agency's October 2021 penalty decision allegedly improperly failed to notify her of her appeal rights similarly unavailing. PFR File, Tab 3 at 11, 13, 20-21. The initial decision contained the relevant notice of appeal rights/Board review that clearly explained to the appellant when and how to file a petition for review challenging the administrative judge's decision. ID at 40-44. The agency's new penalty determination, rendered after the initial decision became final, is a separate issue.[2] The administrative judge explained this in the initial decision when he stated "[i]f the agency again imposes a penalty that the appellant can appeal to the Board, it should give her notice of [her] rights to do so." ID at 40. As a result, the appellant's arguments do not contribute to a

---

[2] Notably, both the appellant's petition for review and her motion to waive the time limit only dispute the administrative judge's analysis and findings in the initial decision. PFR File, Tab 1 at 6-11, 22-34, Tab 3 at 5-10.

finding of good cause for her untimely petition for review.[3] *See Sumrall v. Department of the Air Force*, 85 M.S.P.R. 597, ¶ 13 (2000) (finding that an appellant's lack of sophistication in Board matters and general inability to understand instructions and procedures is insufficient to show good cause for a filing delay); *Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5 (stating that the appellant's inexperience with legal matters and unfamiliarity with Board procedures does not warrant waiver of the filing deadline), *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table). In any case, we note that even if the appellant was unsure of her appeal rights following the agency's new penalty determination, she still does not explain why she waited a year to take any subsequent action. *See Gerald v. Department of the Treasury*, 114 M.S.P.R. 504, ¶ 7 (2010) (finding that the appellant failed to show that he exercised the due diligence or ordinary prudence that would justify waiving the deadline for filing a petition for review where he failed to provide any explanation whatsoever as to why he waited nearly 19 months to file his petition).

With regard to the appellant's repeated assertions that she was pro se when the administrative judge issued the initial decision and when the agency issued its new penalty determination, although we take that into consideration, the Board has long held that a lack of representation or an appellant's inability to obtain representation fails to establish good cause to excuse an untimely petition for review. *McCoy v. U.S. Postal Service*, 112 M.S.P.R. 256, ¶ 8 (2009), *aff'd*, 360 F. App'x 132 (Fed. Cir. 2010). With respect to the appellant's objection to the nature of the administrative judge's appointment, which she raises for the first time on review, the Board has found that an Appointments Clause challenge must be raised before the administrative judge and has stated that it will not address the merits of such a claim raised for the first time on review. *McClenning v.*

---

[3] Likewise, the documents that the agency submits on review, regarding the issue of whether or not the appellant received a notice of appeal rights with the new penalty determination, are not material to the timeliness of the petition for review issue presented here. PFR File, Tab 6 at 8-15; *see* 5 C.F.R. § 1201.115(d).

*Department of the Army*, 2022 MSPB 3, ¶¶ 5-15. Finally, the appellant's assertion that she is entitled to the protection of the "continuing violation doctrine" as it relates to the issue of reasonable accommodation is inapplicable and irrelevant to the issue of the timeliness of the petition for review. PFR File, Tab 3 at 16-19; *see, e.g.*, *Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995) (finding that merits arguments are not relevant to the timeliness issue and do not establish good cause for an untimely filing).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the agency's demotion action.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.