UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DARCY A. MONTGOMERY,<br><div align="center">Appellant,</div> | DOCKET NUMBER<br>DE-0714-17-0434-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br><div align="center">Agency.</div> | DATE: September 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darcy A. Montgomery, Grand Junction, Colorado, pro se.

Kacy Coble, Esquire, and Tijuana Griffin, North Little Rock, Arkansas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as settled. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      On November 22, 2017, the parties filed with the Board a fully executed settlement agreement regarding the appellant's removal. Initial Appeal File (IAF), Tab 26. The administrative judge entered the agreement into the record for enforcement purposes and issued an initial decision dismissing the appeal as settled, with Board enforcement, on November 30, 2017. IAF, Tab 28, Initial Decision (ID) at 1-3. The initial decision informed the appellant that the decision would become final on January 4, 2018, unless she filed a petition for review by that date. ID at 3.

¶3      The appellant filed a petition for review on May 21, 2023, over 5 years later.[2] Petition for Review (PFR) File, Tab 1. In her petition for review, the appellant challenges the merits of the agency's removal action, indicating that she believes that a 2021 decision by the Federal Labor Relations Authority (FLRA) may have had some impact on the validity of her 2017 removal action and possibly the validity of the parties' November 2017 settlement agreement.[3] *Id.* at 3-6. On May 23, 2023, the Office of the Clerk of the Board notified the appellant that, because she filed her petition for review more than 35 days following the issuance of the November 30, 2017 initial decision, it was untimely. PFR File, Tab 2 at 1. The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or waive the time limit for good cause along with an affidavit or signed statement made under penalty of perjury,

---

[2] The appellant is a registered e-filer. IAF, Tab 1 at 2. Registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board. 5 C.F.R. § 1201.14(e) (2023).

[3] Although the appellant was represented by an attorney below, she has indicated on review that she is representing herself. PFR File, Tab 1 at 1, 4.

and it set a deadline for the appellant to file such a motion and provided her with a sample motion. *Id.* at 1-2, 7.

¶4      The appellant subsequently filed a pleading titled notice to accept filing as timely, declaring under penalty of perjury that the Board should set aside the deadline for filing her petition for review for good cause. PFR File, Tab 7. She states that there have been "significant developments since 2017 that have a direct bearing on the circumstances surrounding" her removal. *Id.* at 3. Specifically, she claims that a "November 2020" FLRA decision that upheld an arbitrator's finding that the agency had violated a collective bargaining agreement with the agency's union could "potentially have an impact" on her case. *Id.* She states that based on the FLRA's decision, "it appears" that the agency's actions in her case "could be seen as part of a larger pattern of noncompliance" and that this evidence supports some of her claims regarding her removal. *Id.* She submits a one-page copy of literature from the agency's union appearing to address the FLRA's decision. *Id.* at 13. The agency did not file a response to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      Generally, a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that she received the initial decision more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). The Board may waive the time limit for filing a petition for review upon a showing of good cause for the untimely filing. 5 C.F.R. § 1201.114(g). To establish good cause, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is

proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limit or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.* The Board should specifically consider the "'length of delay' in every good cause determination." *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

¶6 In this case, the administrative judge informed the appellant that the initial decision would become final on January 4, 2018, unless a petition for review was filed by that date. ID at 3. The appellant electronically filed her petition for review on May 21, 2023. PFR File, Tab 1. It was therefore more than 5 years and 4 months late. The Board has previously found a delay of more than 1 month to be significant, despite the appellant's pro se status. *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008). Although the appellant's pleading emphasizes that she believes that the FLRA's decision may have some bearing on the validity of the agency's removal action, or potentially her November 2017 settlement agreement, she does not discuss why she waited several years after the FLRA's decision to file a petition for review with the Board. PFR File, Tab 7 at 3; *see* 5 C.F.R. § 1201.114(g) (providing that an affidavit or sworn statement submitted with a motion that shows good cause for an untimely filing must include the reasons for failing to request an extension before the deadline for the submission, and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence). As a result, her pleading is insufficient to demonstrate good cause for her filing delay.

¶7 Additionally, we note that considering the appellant's statements in her petition for review, we find that she has not established good cause for the delay in filing her petition for review. PFR File, Tab 1. The appellant indicated that she did not learn of the FLRA's decision "immediately." *Id.* at 5. However, the appellant also stated that her former attorney denied her "review request years

ago when [she] brought this matter to [the attorney's] attention," explaining that the former attorney had informed the appellant that she "was not included" in the FLRA's decision and suggested to her that she get another attorney if she wanted to pursue the matter. *Id.* at 4. To this end, the appellant alleges that she reached out to request legal guidance "through the years" but was unsuccessful, and she also notes that she is "not even sure" this is the correct venue for her request. *Id.* at 4.

¶8      Despite the appellant's unsuccessful attempts to secure legal assistance with her petition for review, the Board has held that a lack of representation or an appellant's inability to obtain representation does not establish good cause to excuse an untimely petition for review. *McCoy v. U.S. Postal Service*, 112 M.S.P.R. 256, ¶ 8 (2009), *aff'd*, 360 F. App'x 132 (Fed. Cir. 2010). Additionally, the appellant's confusion over how to subsequently pursue review of her Board appeal, after her former attorney indicated that they would not pursue the matter for her, also does not establish good cause for her filing delay. *See Sumrall v. Department of the Air Force*, 85 M.S.P.R. 597, ¶ 13 (2000) (finding that an appellant's lack of sophistication in Board matters and general inability to understand instructions and procedures is insufficient to show good cause for a filing delay); *Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5 (stating that the appellant's inexperience with legal matters and unfamiliarity with Board procedures does not warrant waiver of the filing deadline), *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table). The appellant here ultimately remained personally responsible for the prosecution of her appeal. *See Barbour v. Defense Logistics Agency*, 29 M.S.P.R. 570, 571 (1986).

¶9      We note that, in a few cases, the Board has cited intervening legal precedent as good cause for an untimely filed petition for review. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 12. However, here, even had the appellant sufficiently explained the FLRA decision to which she refers, and how it affected her appeal, or even if that decision changed the law or circumstances

in a manner that could have impacted the adjudication of her case or her 2017 settlement agreement, we find that the appellant failed to demonstrate that she exercised due diligence regarding her case, which cuts against reopening her appeal. *Alonzo*, 4 M.S.P.R. at 184. Furthermore, the appellant has not shown that the settlement agreement is unlawful, or tainted by fraud, coercion, or mutual mistake. *See Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 5 (2000).

¶10    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

<div align="center">

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

</div>

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.